```
 1  Tino X. Do, Esq. (SBN 221346)
    SALTZMAN & JOHNSON LAW CORPORATION
 2  5100-B1 Clayton Road, Suite 373
    Concord, California  94521
 3  Telephone: (510) 906-4710
    Email: tdo@sjlawcorp.com
 4
    Attorneys for Plaintiffs, Sheet Metal Workers
 5  Pension Trust of Northern California, et al.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, et al.,<br><br>               Plaintiffs,<br>   v.<br><br>BOTNER MANUFACTURING, INC., a California Corporation,<br><br>               Defendant. | Case No. 3:24-cv-03159-LJC<br><br>**SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION;** [PROPOSED] **ORDER THEREON** |

      IT IS HEREBY STIPULATED and AGREED by and between the parties hereto that a Second Amended Stipulated Judgment[1] shall be entered in the within action in favor of Plaintiffs Sheet Metal Workers Pension Trust of Northern California, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Botner Manufacturing, Inc., a California corporation, and Defendant Shelly Christine Botner, an individual.

      The Parties have agreed to amend the Judgment Pursuant to Stipulation to address Defendants' default under the Judgment Pursuant to Stipulation and address additional delinquent contributions, liquidated damages, interest and attorneys' fees incurred.  This document shall, upon execution by all

---

[1] Amending the Amended Judgment Pursuant to Stipulation entered into by the Parties and granted by the Court on February 10, 2025. (Dkt. No. 20.)

1
SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON
Case No.  3:24-cv-03159-LJC

parties, supersede the prior Stipulation, and become the operative document between the Parties as follows:

    1.    Defendant Botner Manufacturing, Inc. ("Botner") is signatory to and bound by the terms of a Collective Bargaining Agreement ("Bargaining Agreement") with the Sheet Metal Workers International Association Local Union No. 104 (the "Union"). The Bargaining Agreement is still in full force and effect.

    2.    Shelly Christine Botner confirms that she is the President of Defendant Botner and is authorized to enter into this Stipulation on behalf of Defendant Botner.

    3.    Shelly Christine Botner ("Guarantor") also confirms that she is personally guaranteeing the amounts due herein, and confirms that he shall be added as a Defendant to the above-captioned action. Defendant/Guarantor Shelly Christine Botner and Defendant Botner (collectively, "Defendants") specifically consent to the Court's jurisdiction, as well as to the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant Botner joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantor is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase, and if they do not, shall nevertheless be bound to the terms of this Stipulation. Defendants and Guarantor confirm and agree that any applicable successors in interest, assignees, and affiliated entities may be added to this Stipulation by Plaintiffs through a noticed motion before this Court or any other court of competent jurisdiction.

//
//
//
//

4. Defendants are currently indebted to the Trust Funds as follows:

| Work Month | Contribution Balances | 20% Liquidated Damages | 10% Interest (through 9/12/25) | Subtotals |
|---|---|---|---|---|
| May 2025 | $3,896.70 | $779.34 | $88.81 | $4,764.85 |
| June 2025 | $3,447.20 | $689.44 | $49.82 | $4,186.46 |
| July 2025 | $3,338.70 | $667.74 | $20.02 | $4,026.46 |
| *Subtotals*: | $10,682.60 | $2,136.52 | $158.65 | $12,977.77 |
| **Subtotal (Contributions, Liquidated Damages and Interest):** | | | | **$12,977.77** |
| Liquidated Damages on Prior to Lawsuit on Late-Paid Contributions for 11/23, 12/23, 1/24, 3/24, 6/24, 7/24: | | | | $2,516.67 |
| 10% Interest on Prior Late-Paid Contributions for 11/23, 12/23, 1/24, 3/24, 6/24, 7/24: | | | | $284.45 |
| **Subtotal (LDs and Interest on Paid Late Contributions Prior to Litigation):** | | | | **$2,801.12** |
| Liquidated Damages on Post Lawsuit on Late-Paid Contributions for 2/24, 8/24, 9/24-4/25: | | | | $4,879.29 |
| 10% Interest Post Lawsuit on Late-Paid Contributions for 2/24, 8/24, 9/24-4/25: | | | | $327.21 |
| **Subtotal ( LDs and Interest on Paid Late Contributions Post Litigation):** | | | | **$5,206.50** |
| Audit 1/1/17 – 6/30/20 | | Contributions Underpayments: | | $17,103.96 |
| | | 20% Liquidated Damages: | | $3,420.79 |
| | | Interest: | | $2,596.99 |
| **Subtotal (Audit 1/1/17 – 6/30/20):** | | | | **$23,121.73** |
| Audit 7/1/20 – 9/30/24 | | Contributions Underpayments: | | $4,819.77 |
| | | 20% Liquidated Damages: | | $963.95 |
| | | Interest: | | $748.32 |
| | | Testing Fee: | | $481.98 |
| **Subtotal (Audit 7/1/20 – 9/30/24):** | | | | **$6,532.05** |
| Attorneys' Fees (through 07/31/25): | | | | $10,572.50 |
| Attorneys' Costs (through 07/31/25): | | | | $560.80 |
| **Subtotal (Attorneys' Fees and Cost):** | | | | **$11,133.30** |
| **GRAND TOTAL:** | | | | **$61,772.47** |

5. The Parties hereby expressly stipulate that Judgment shall be entered against Defendants and in Plaintiffs' favor in the total amount of **$61,772.47** pursuant to the terms set forth below.

### REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION

6. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

    a) <u>Notices to Defendants</u>: Shelly Botner, Botner Manufacturing, Inc., 900 Aladdin Avenue, San Leandro, CA 94577; email: shelly@botner.net;

    b) <u>Notices to Plaintiffs</u>: Tino X. Do, Saltzman & Johnson Law Corp., 5100-B1 Clayton Road, Suite 373, Concord, California 94521; Email: tdo@sjlawcorp.com, copy to compliance@sjlawcorp.com

7. The requirements pursuant to the terms of this Stipulation are as follows:

    a) **Monthly Payments**: Defendants shall pay the amount of **$47,855.25**, representing all of the above amounts, less *conditionally waived* liquidated damages in the amount of **$13,917.22**.

        i) Payments in the amount of **$2,209.00 per month** shall begin on September 22, 2025, and continue on or before the 22nd of each month thereafter **for a period of twenty-four (24) months**. Plaintiffs may require that Defendants pay electronically by ACH/wire transfer, or by cashier's check.

        ii) Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

        iii) Payments shall be applied first to interest, at the rate of 10% per annum in accordance with the Bargaining Agreements and Trust Agreements. Interest shall begin to accrue on September 13, 2025.

    b) **Contributions:** Beginning with contributions due for hours worked by Defendants' employees during the month of August 2025, and for every month thereafter until this Judgment is satisfied, Defendants shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).

    c) **Job Report:** Beginning with the month of August 2025, and for every month thereafter, Defendants shall fully disclose all jobs on which Defendant is working by providing Plaintiffs with fully completed job reports on the form attached hereto as *Exhibit A*. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.

    d) **Audit:** Should the Trust Funds request an audit of Defendants' payroll record pursuant to the requirements of Defendants' Collective Bargaining and/or other related Agreement and/or the Plaintiffs' Trust Agreements, Defendants must contact the auditor within seven days of receiving notice, and must schedule the audit as requested. Defendants must fully comply with the audit by keeping the scheduled appointment for the audit and making all documentation requested by the auditor available for inspection. Defendants specifically agree that if all records are not provided upon Plaintiffs' request, Plaintiffs may conduct post judgment discovery, a debtor's exam, or any other court

proceeding necessary to compel provision of the documents.

      i) In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report and written demand for payment to Defendants. In the event that the audit findings are not contested, payment in full shall be delivered to the address provided above within ten (10) days of the date of the demand letter.

      ii) In the event that Defendants dispute the audit findings, Defendants must provide the dispute in writing, with all supporting documentation, within ten days of the date of the demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment in full of the amount requested in the above-described demand letter, plus additional interest, will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due. Plaintiffs shall send a revised written demand for payment to Defendants. Payment in full shall be delivered to the address provided above within ten (10) days of the date of the demand letter.

      iii) If Defendants are unable to make payment in full, Defendants may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

      iv) Failure by Defendants to fully comply with the audit, and/or submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

    e) **Fees:** Defendants shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

8. In summary, Defendants shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| Required Submissions | Delivery deadlines[2] | Delivery locations |
|---|---|---|
| **Stipulated payments in the amount of $2,209.00** payable to *Sheet Metal Workers of Northern California Trust Funds* | 22nd day of each month (9/22/25 – 8/22/27) | Tino X. Do<br>Saltzman & Johnson Law Corp.<br>5100-B1 Clayton Road, Ste 373,<br>Concord, CA 94521 |
| **Current contribution reports and payments** payable to *Sheet Metal Workers of Northern California Trust Funds* | 22nd day of each month (beginning 9/22/25, for 8/25 hours) | Sheet Metal Workers Trust Funds<br>P.O. Box 45314<br>San Francisco, CA 94145-0314<br><br>Plus copies to:<br>compliance@sjlawcorp.com<br>(subject: "Botner Manufacturing") |
| **Completed job reports** (form attached as Exhibit A to Stipulation)<br><br>**and Certified Payroll** (if requested) | 22nd day of each month (beginning 9/22/25, for 8/25 hours) | compliance@sjlawcorp.com<br>(subject: "Botner Manufacturing")<br>or<br>Tino X. Do<br>Saltzman & Johnson Law Corp.<br>5100-B1 Clayton Road, Ste 373<br>Concord, CA 94521 |

9. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, or failing to endorse a joint check provided for the payment of amounts due under the terms of this Stipulation including current contributions, shall constitute a default of the obligations under this Stipulation.

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

10. If default occurs, Plaintiffs shall make a written demand to Defendants, to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, additional (current) contributions/liquidated damages/interest, and additional attorney's fees and costs incurred herein.

11. Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect

---

[2] If the Stipulation has not been fully satisfied by 8/22/25, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

any contributions and related amounts not included herein. This includes, but is not limited to any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

12. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

## MISCELLANEOUS PROVISIONS

13. The above requirements remain in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. **If Defendants have no contributions to report, Defendants shall submit the applicable contribution report stating "no employees."**

14. Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

15. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as to the final amount due, including additional interest, any current contributions and related amounts and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants default herein. Any additional amounts due shall be paid in full with the final stipulated payment due on May

22, 2026.

16. The conditional waiver of liquidated damages shall be presented to the Board of Trustees for consideration only after all amounts due under the terms of this Stipulation are paid in full, and Defendants' account is otherwise current. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated damages will be immediately due. The waiver may be granted with further conditions, such as paying timely and remaining current for an additional period of time.

17. Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

18. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

19. Defendants/Guarantor have represented that they do not intend to file for Bankruptcy protection. In the event that Defendants/Guarantor file for Bankruptcy protection, Defendants/Guarantor specifically agree that the amounts due hereunder, which are employee benefits and related sums, shall not be dischargeable. Defendants/Guarantor agree to reaffirm this debt, and will not request that the debt be discharged.

20. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

21. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and all of their control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations. The parties to this Stipulation understand and agree that nothing contained herein shall in any manner

relate to or otherwise limit the obligations of Defendants with respect to the assessment and collection of withdrawal liability pursuant to 29 U.S.C. § 1381 et seq.

22. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

23. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

24. Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

25. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: 10/1/25

BOTNER MANUFACTURING, INC.

By: *Shelly Christine Botner, President*
Shelly Christine Botner, President

DATED: 10/1/25

SHELLY CHRISTINE BOTNER, Individually

By: *Shelly Christine Botner, President*
Shelly Christine Botner, individual

DATED: _____

SHEET METAL WORKERS PENSION
TRUST OF NORTHERN CALIFORNIA, et al.

By: _____
Sean O'Donoghue
Chairman of Plaintiff Sheet Metal Workers
Pension Trust of Northern California

9
SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON
Case No. 3:24-cv-03159-LJC

relate to or otherwise limit the obligations of Defendants with respect to the assessment and collection of withdrawal liability pursuant to 29 U.S.C. § 1381 et seq.

22. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

23. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

24. Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

25. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: _____  **BOTNER MANUFACTURING, INC.**

By: _____
Shelly Christine Botner, President

DATED: _____  **SHELLY CHRISTINE BOTNER, Individually**

By: _____
Shelly Christine Botner, individual

DATED: 10/1/2025  **SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, et al.**

By: *Sean O'Donoghue* (DocuSigned)
Sean O'Donoghue
Chairman of Plaintiff Sheet Metal Workers
Pension Trust of Northern California

DATED: 10/1/2025

SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, et al.

By: *Rick Werner*
Rick Werner
Co-Chairman of Plaintiff Sheet Metal Workers Pension Trust of Northern California

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

DATED: October 22, 2025

_____
UNITED STATES DISTRICT/MAGISTRATE COURT JUDGE

<u>CERTIFICATION RE: SIGNATURES</u>

I attest that concurrence in the filing has been obtained from the other Signatories.

DATED: October 1, 2025

By:    /S/ Tino X. Do
       Tino X. Do

11
**SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON**
Case No. 3:24-cv-03159-LJC

| Exhibit A: JOB REPORT FORM |
|---|
| Completed Forms Due by the last business day of each month by email to compliance@sjlawcorp.com (subject line: Botner Manufacturing, Inc.), <u>or</u> delivered to Saltzman & Johnson, 5100-B1 Clayton Road, Ste. 373 Concord, California 94521-3161 |

**Employer: Botner Manufacturing, Inc.**

Report for the month of _____, 20___  Submitted by: _____

| Project Name: | | Public or Private? (Circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Phone #: | | Project Manager Name: |
| Project Manager Phone #: | | Project Manager email address: |
| Contract #: | | Contract Date: |
| Total Contract Value: | | |
| Work Start Date: | | Work Completion Date: |
| Project Bond #: | | Surety: |

| Project Name: | | Public or Private? (Circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Phone #: | | Project Manager Name: |
| Project Manager Phone #: | | Project Manager email address: |
| Contract #: | | Contract Date: |
| Total Contract Value: | | |
| Work Start Date: | | Work Completion Date: |
| Project Bond #: | | Surety: |

***Attach additional sheets as necessary***

1

**EXHIBIT A TO AMENDED JUDGMENT PURSUANT TO STIPULATION**
Case No. 3:24-cv-03159-LJC